O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ADRIAN MOON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>P.L. VASQUEZ, et al.,<br><br>　　　　Respondent. | Case No. CV 11-10806-MLG<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; ORDER DENYING CERTIFICATE OF APEALABILITY |

**I.　Background**

On February 8, 2010, Petitioner was convicted by a Los Angeles County Superior Court jury of perjury, in violation of California Penal Code § 118.[1] (Pet. at 2.) On August 30, 2010, Petitioner was sentenced to a total term of two years in prison, sentence suspended, and placed on formal probation for three years, with conditions including 677 days in jail with credit for 677 days served, as well as $200.00 restitution and a $30.00 special assessment. (Respondent's Motion to Dismiss, App. 1, pp. 22-24.)

In the interim, on May 18, 2010, Petitioner was convicted of nineteen counts of procuring or offering false or forged documents

---

[1] Los Angeles Superior Court Case No. BA362256.

to be filed in a public office; six counts of attempted grand theft; six counts of forgery; three counts of preparing false documentary evidence; and four counts of offering into evidence forged or fraudulently altered documents.[2] (Cal. Penal Code §§ 115(a), 664/487, 470, 134, 132.) On September 9, 2010, Petitioner was sentenced to 20 years imprisonment[3] on these thirty-eight charges.[4] (Mot. to Dismiss, App 3, pp. 55-80).

On September 9, 2010, the same date sentence was imposed on the latter convictions, the trial court terminated probation in Case BA 332095, the perjury conviction which is the subject of the current habeas corpus petition, and discharged Petitioner pursuant to Cal. Penal Code § 1203.3.

Petitioner's appeal of the perjury conviction to the California Court of Appeal was denied in a reasoned opinion on November 2, 2011. *People v. Moon*, 2011 WL 5179593 (Cal. Ct. App. 2011). Petitioner filed a petition for review in the California Supreme Court on November 23, 2011, which was summarily denied on December 7, 2011. (Pet. at 3.) A petition for writ of certiorari was denied by the United States Supreme Court on May 14, 2012. *Moon v. California*, 2012 WL 1017454 (May 14, 2012).

//
//

---

[2] Los Angeles Superior Court Case Nos. BA332095, BA361029.

[3] On appeal, the conviction of one count was vacated and sentence was stayed on six other counts, resulting in a total sentence of 16 years, 8 months. *People v. Moon*, 2011 WL 6187167 (Cal. Ct. App. 2011)).

[4] These convictions are the subject of a separate petition for writ of habeas corpus filed in this Court on March 21, 2012. *Moon v. Vasquez*, Case No. CV 12-2456-RGK (MLG).

On December 29, 2011, Petitioner filed this petition for writ of habeas corpus.[5] The petition was dismissed with leave to amend on January 5, 2012. On February 23, 2012, Petitioner filed a first amended petition, raising five grounds for relief. The petition was ordered served and on April 6, 2012, Respondent filed a motion to dismiss the petition for lack of jurisdiction. Petitioner did not file an opposition in the time allowed. The matter is ready for decision.

**II. The Court Lacks Jurisdiction over the Petition Because Petitioner Was Not "In Custody" under the Challenged Conviction at the Time He Commenced this Action, as Required by 28 U.S.C. § 2254(a)**

Respondent contends that the Court lacks jurisdiction to consider the merits of Petitioner's habeas corpus petition because Petitioner was not "in custody pursuant to the judgment of a state court" at the time he filed this petition, as required by 28 U.S.C. § 2254(a). To obtain federal habeas corpus review, 28 U.S.C. § 2254(a) requires that the petitioner be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation and quotation marks omitted), *Allen v. State of Oregon*, 153 F.3d 1046, 1048 (9th Cir. 1998). This requirement is jurisdictional. *Bailey*, 599 F.3d at 978. The Supreme Court has specifically held that the "in custody" requirement is determined by examining whether the petitioner was in physical custody or under some

---

[5] Both parties have consented to have a magistrate judge conduct all proceedings in this case. See 28 U.S.C. § 636(c)(1). (Docket Nos. 5 and 7.)

other significant form of restraint at the time the petition was filed in federal court. *Maleng*, 490 U.S. at 491-493. Other significant forms of restraint include parole, probation, or release on bail or personal recognizance. *See Hensley v. Mun. Ct.*, 411 U.S. 345, 348 (1973); *Maleng*, 490 U.S. at 491; *United States v. Spawr Optical Research Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988), cert. denied, 493 U.S. 809 (1989). Finally, in defining the scope of the "in custody" requirement, the Supreme Court has held that collateral consequences of a completely expired conviction are, "not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990).

Here, Petitioner was sentenced to two years in prison, sentence suspended, and placed on formal probation for three years, with 677 days in jail and credit for 677 days on August 30, 2010. Incarceration under the perjury conviction ended that day. It is undisputed that Petitioner was discharged from probation on the perjury conviction on September 9, 2010. The discharge from probation terminated any significant restraint on Petitioner arising from the perjury conviction.

While Petitioner is presently in state custody, his current incarceration is related solely to criminal charges separate and distinct from the perjury conviction. His current incarceration on unrelated criminal charges does not meet the "in custody" requirement of section 2254 on the expired perjury conviction. Accordingly, it is clear that Petitioner was not "in custody" under the state court judgment being challenged within the meaning of 28 U.S.C. § 2254(a) at the time he filed this petition in December 2011, and the petition must be dismissed for lack of subject matter jurisdiction.

//

**III. Order**

For the reasons discussed above, Respondent's motion to dismiss the petition is GRANTED and this petition is DISMISSED without prejudice.[6]

In addition, because Petitioner cannot make a colorable claim that jurists of reason would find debatable or wrong the decision dismissing the petition for lack of jurisdiction, Petitioner is not entitled to a Certificate of Appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: May 15, 2012

_____
Marc L. Goldman
United States Magistrate Judge

---

[6] "A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice." *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).